UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEAL HART,<br><br>        *Plaintiff,*<br><br>  v.<br><br>EQUIFAX INFORMATION SERVICES LLC;<br>EXPERIAN INFORMATION SOLUTIONS, INC.;<br>TRANS UNION LLC;<br>SIMON'S AGENCY, INC.; and<br>SYNCHRONY BANK,<br><br>        *Defendants.* | No.: 5:19-cv-342 (BKS/DEP)<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

 Plaintiff Neal Hart, by and through his attorneys, Schlanger Law Group LLP, complaining of the defendants, alleges as follows:

 1. This is an action for actual, statutory, and punitive damages, injunctive relief, and statutory attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"), the New York Fair Credit Reporting Act, and New York General Business Law § 380, et seq. ("NY FCRA").

 2. Congress enshrined within the FCRA the "need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. §1681(a)(4).

 3. Congress stated plainly the purpose of the FCRA, namely "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and

equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information . . .".  15 U.S.C. §1681(b).

4. The Defendants consist of three national credit reporting agencies:  Equifax Information Services LLC, Experian Information Solutions, Inc., and Trans Union LLC (the "CRA Defendants"); and two "furnisher[s] of information" to those agencies:  Simon's Agency, Inc. and Synchrony Bank (collectively, the "Furnisher Defendants").

5. Plaintiff discovered inaccurate derogatory information on his credit reports and disputed the same directly with the CRA Defendants who, in turn and upon information and belief, communicated the same to the Furnisher Defendants.

6. The Furnisher Defendants are each a "furnisher of information" within the meaning of the FCRA (15 U.S.C. § 1681s-2, *et seq.*).

7. The Furnisher Defendants violated the FCRA by:

a. failing to conduct a reasonable investigation of Plaintiff's dispute,

b. failing to review all relevant information provided by consumer reporting agencies, and

c. failing to promptly modify, delete, or permanently block any information it could not verify as accurate, in violation of 15 U.S.C. §1681s-2(b)(1).

8. The CRA Defendants violated the FCRA (and analogous provisions of the NY FCRA) by:

a. failing to conduct a reasonable reinvestigation of Plaintiff's dispute and delete or modify that information, in violation of § 1681i, and upon information and belief, failing to perform certain other related duties pursuant to and in violation of that same provision; and

    b. failing to maintain procedures to ensure the maximum possible accuracy of the information it reported about Plaintiff, in violation of § 1681e(b).

9. As a direct and proximate result of the Defendants' negligent and willful actions, conduct, and omissions including, upon information and belief, publishing inaccurate derogatory information to third-parties, Plaintiff suffered cognizable actual damages (both economic and non-economic) including but not limited to credit denials, and/or offers for credit at higher interest rates, damage to his reputation, emotional distress, embarrassment, aggravation, and frustration.

10. Each Defendant's willful violations of the FCRA entitles Plaintiff to an award of punitive damages.

## JURISDICTION AND VENUE

11. Plaintiff Neal Hart brings this action for damages resulting from inaccurate reporting of tradelines on his credit reports and the Furnishers and CRAs failure to conduct reasonable investigations and correct the reports.

12. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p, 15 U.S.C. § 1640(e), and 28 U.S.C. § 1331.

13. This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

14. Venue in this District is proper under 28 U.S.C. § 1391 because a substantial part of the events and omissions complained of took place in this District and Defendants maintain offices, transact business, and are otherwise found in this District.

## PARTIES

15. Plaintiff Neal Hart is a natural person and a citizen of Fulton, New York.

16. Plaintiff is an individual and "consumer" within the meaning of the FCRA, 15 U.S.C. § 1681a(c), as well as the NY FCRA, NY GBL § 380-a(b).

17. Equifax Information Services LLC ("Equifax") is a Georgia limited liability company, duly authorized and qualified to do business in the State of New York.

18. Experian Information Solutions, Inc. ("Experian") is an Ohio corporation, duly authorized and qualified to do business in the State of New York.

19. Trans Union LLC ("Trans Union") is a Delaware limited liability company, duly authorized and qualified to do business in the State of New York.

20. Equifax, Experian, and Trans Union are each a "consumer reporting agency" within the meaning of the FCRA (15 U.S.C. § 1681a(f)) and NY FCRA (G.B.L. § 380-a(e)).

21. Simon's Agency, Inc. ("Simon's") is a New York corporation, duly authorized and qualified to do business in the State of New York.

22. Synchrony Bank ("Synchrony") is a Utah financial institution, duly authorized and qualified to do business in the State of New York.

23. Simon's and Synchrony (collectively, the "Furnisher Defendants") are each a "furnisher of information" within the meaning of the FCRA, 15 U.S.C. § 1681s-2 et seq.

## FACTS

24. Despite repeated requests to correct erroneous information contained in his credit files and appearing on his credit reports, Plaintiff has been damaged by the failure of the Furnishers and the CRA Defendants to correct information in his credit file and the appearance of erroneous tradelines on his credit reports.

**Trans Union - Synchrony Bank – JCPenney**
2015 – May (30) and June (60)

25. In or about March 2017 Plaintiff discovered that his Trans Union credit report contained erroneous entries with respect to his Synchrony Bank – JCPenney account.

26. Specifically, the tradelines for Plaintiff's Synchrony Bank – JCPenney account on his Trans Union credit report indicated that the account was 30 days overdue in May 2015 and 60 days overdue in June 2015.

27. With respect to Plaintiff's Synchrony Bank – JCPenney account, Plaintiff had no overdue payments in September 2015 or October 2015.

28. In or about March or April 2017 Plaintiff submitted a written dispute to Trans Union regarding the erroneous tradelines associated with his Synchrony Bank – JCPenney account.

29. Plaintiff submitted additional written disputes through Trans Union's website throughout 2017 concerning the erroneous tradelines associated with his Synchrony Bank – JCPenney account

30. In or about May 2018, Plaintiff again submitted written disputes to Trans Union regarding the erroneous tradelines associated with his Synchrony Bank – JCPenney account.

31. Additionally, in May 2018, Plaintiff also submitted complaints to the Consumer Financial Protection Bureau requesting correction of the erroneous tradelines associated with his Synchrony Bank – JCPenney account addressed to Trans Union and Synchrony Bank.

32. Further, in May 2018 as well as throughout 2017 and 2018, Plaintiff submitted written disputes concerning the erroneous tradelines directly to Synchrony Bank requesting correction of the erroneous tradelines associated with his Synchrony Bank – JCPenney account on his Trans Union credit report.

33. In July 2018, Plaintiff received notice that Trans Union had "verified" the erroneous tradelines associated with his Synchrony Bank – JCPenney account and that the erroneous tradelines would remain on his Trans Union credit report.

34. Following Plaintiff's receipt of the July 2018 notification from Trans Union, in August 2018 Plaintiff again submitted a written dispute to Trans Union requesting correction of the erroneous tradelines associated with his Synchrony Bank – JCPenney account on his Trans Union credit report.

35. Upon information and belief, despite these numerous disputes, the erroneous tradelines associated with Plaintiff's Synchrony Bank – JCPenney account remained on Plaintiff's Trans Union credit report until the end of 2018.

**Equifax & Trans Union – Synchrony Bank PayPal Connect**
2015 – September (30) and October (60)

36. In or about August 2018, Plaintiff discovered that his Equifax and Trans Union credit reports each contained erroneous entries with respect to Plaintiff's Synchrony Bank – PayPal Smart Connect account.

37. Specifically, the tradelines for Plaintiff's Synchrony Bank – PayPal Smart Connect account on his Equifax and Trans Union credit reports indicated that the account was 30 days overdue in September 2015 and 60 days overdue in October 2015.

38. With respect to Plaintiff's Synchrony Bank – PayPal Smart Connect account, Plaintiff had no overdue payments in September 2015 or October 2015.

39. In or about August 2018, Plaintiff submitted written and oral disputes to Equifax and Trans Union regarding the erroneous tradelines associated with his Synchrony Bank – PayPal Smart Connect account.

40. Subsequently in August 2018, Plaintiff received notice that Equifax had "verified" the erroneous tradelines associated with his Synchrony Bank – PayPal Smart Connect account and that the erroneous tradelines would remain on his Equifax credit report.

41. Following Plaintiff's receipt of the August notification from Equifax, Plaintiff again submitted a written dispute to Equifax requesting correction of the erroneous tradelines associated with his Synchrony Bank – PayPal Smart Connect account on his Equifax credit report.

42. In September 2018, Plaintiff obtained a copy of his Trans Union credit report and discovered that the erroneous tradelines associated with his Synchrony Bank – PayPal Smart Connect also remained on his Trans Union report.

43. Following review of his Trans Union credit report, Plaintiff again submitted a written dispute to Trans Union requesting correction of the erroneous tradelines associated with his Synchrony Bank – PayPal Smart Connect account on his Trans Union credit report.

44. Additionally, in September 2018, Plaintiff submitted complaints to the Consumer Financial Protection Bureau requesting correction of the erroneous tradelines associated with his Synchrony Bank – PayPal Smart Connect account addressed to Equifax and Trans Union.

45. In September 2018, Plaintiff also submitted complaints to the Consumer Financial Protection Bureau requesting correction of the erroneous tradelines associated with his Synchrony Bank – PayPal Smart Connect account Plaintiff addressed to Synchrony Bank with respect to both his Equifax and Trans Union credit reports.

46. Further, in September 2018, Plaintiff submitted written disputes concerning the erroneous tradelines directly to Synchrony Bank requesting correction of the erroneous tradelines

associated with his Synchrony Bank – PayPal Smart Connect account on his Equifax and Trans Union credit reports.

47. Upon information and belief, despite these numerous disputes, the erroneous tradelines associated with Plaintiff's Synchrony Bank – PayPal Smart Connect account remained on Plaintiff's Equifax credit report and also on Plaintiff's Trans Union credit report until the end of 2018.

### Experian – EFCU –  Simon's Collection Agency

48. In or about June 2017, Plaintiff discovered that his Experian credit report contained erroneous account and tradeline entries with respect to an account placed by Simon's, a collection firm, on behalf of Empower Federal Credit Union.

49. The account and tradelines furnished by Simon's on Plaintiff's Experian credit report related to a checking account that Plaintiff maintained with Empower Federal Credit Union.

50. By written correspondence from Simon's to Plaintiff dated September 14, 2017, Simon's agreed to remove the account and tradelines, stating, "After a thorough review of the file notes" Simon's "agreed to delete the trade line from [Plaintiff's] credit report."

51. Furthermore, to the extent the Simon's account and tradelines related to a past collection issue, the tradelines for Simon's account on Plaintiff's Experian credit report incorrectly indicated the original balance, date of default and date placed for collection and omitted the date the account became current.

52. In or about September 2017 and throughout the year 2018, Plaintiff submitted written and oral disputes to Experian regarding the Simon's account and the erroneous account tradelines associated with the Simon's account.

53. In or about August 2018, Plaintiff again submitted a written dispute to Experian regarding the erroneous tradelines associated with the Simon's account on his credit report.

54. In September 2018, Plaintiff received notice that Experian had updated the tradelines associated with the Simon's account on Plaintiff's credit had been updated. However, the only change made to Plaintiff's credit report was the inclusion of a note indicating Plaintiff's dispute. Experian left the Simon's account and the erroneous tradelines associated with the Simon's account on Plaintiff's Experian credit report.

55. Furthermore, throughout 2018, Plaintiff submitted written disputes concerning the erroneous tradelines directly to Simon's agency and to Empower Federal Credit Union requesting correction of the erroneous tradelines associated with the Simon's account on his Experian credit report.

56. Upon information and belief, despite these numerous disputes, the Simon's account and the erroneous tradelines associated with the Simon's account remained on Plaintiff's Experian credit report until the end of 2018.

## Damages

57. As a result of Defendants' conduct, Plaintiff suffered actual damages in the form of economic and non-economic harm, both of which are cognizable pursuant to the FCRA and NY FCRA.

58. Plaintiff has suffered actual damages in the form of financial harm and dignitary harm arising from the injury to his credit rating and reputation. Plaintiff will continue to suffer the same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

59. Plaintiff's credit reports and file have been obtained from Defendants and been reviewed many times by prospective and existing credit grantors and extenders of credit. The

inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

60. Additionally, the inaccurate credit reporting cost Plaintiff significant time in pursuit of a corrected report, mental anguish, anxiety, and stress.

### FIRST CAUSE OF ACTION
### VIOLATIONS OF FCRA § 1681s-2(b)
### Against All Furnisher Defendants
### (Furnishers of Information to CRAs)

61. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

62. The Furnisher Defendants violated §1681s-2(b) by its acts and omissions, including, but not limited to:

   a. failing to conduct a reasonable investigation of Plaintiff's dispute,

   b. failing to review all relevant information provided by consumer reporting agencies, and,

   c. failing to promptly modify, delete, or permanently block any information it could not verify as accurate, in violation of §1681s-2(b)(1).

63. As a result of the Furnisher Defendants' violations of §1681s-2(b)(1), Plaintiff suffered actual damages including but not limited to loss of credit, damage to reputation, embarrassment, humiliation, anguish and other emotional harm cognizable pursuant to the FCRA.

64. These violations of §1681s-2(b)(1) were willful, rendering the Furnisher Defendants liable for actual damages, statutory damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

65. In the alternative, the Furnisher Defendants were negligent, entitling Plaintiff to recover actual damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

### SECOND CAUSE OF ACTION
### VIOLATIONS OF FCRA § 1681e(b) and § 1681i
### Against the CRA Defendants

66. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

67. The CRA Defendants each violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions including but not limited to:

   a. failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit file in violation of § 1681i(a)(1);

   b. by failing to review and consider all relevant information submitted by Plaintiff in violation of § 1681i(a)(4); and

   c. by failing to properly delete the disputed inaccurate items of information from Plaintiff's credit files or modify item of information upon a lawful reinvestigation in violation of § 1681i(a)(5).

68. Each of the CRA Defendants violated 15 U.S.C. § 1681e(b) by their conduct, acts and omissions including but not limited to failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff in the preparation of his credit reports and credit files that they published and maintained.

69. As a result of the CRA Defendants' violations of § 1681i and §1681e(b), Plaintiff suffered actual damages including but not limited to: loss of credit, damage to reputation,

embarrassment, humiliation, anguish and other emotional harm cognizable pursuant to the FCRA.

70. These violations of § 1681i and § 1681e(b) were willful, rendering the CRA Defendants liable for actual damages, statutory damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

71. In the alternative, the CRA Defendants were negligent, entitling Plaintiff to recover actual damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF NY FCRA §380-f and §380-j
### Against the CRA Defendants

72. Plaintiff realleges and incorporates the above paragraphs as if reasserted and realleged herein.

73. Each of the CRA Defendants violated multiple sections of the NY FCRA (NY GBL §§ 380–380-u) by their acts and omissions including:

   a. failing to promptly reinvestigate Plaintiff's dispute to determine whether the disputed information is inaccurate and record the current status of the disputed information in violation of § 380-f(a);

   b. failing, after determining that the disputed information is in error or that it can no longer be verified, to promptly expunge the item and otherwise correct the file and refrain from reporting the item in subsequent consumer reports, in violation of § 380-f(b); and

   c. failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff in the preparation of

his credit report and credit files that it published and maintained in violation of § 380-j(e).

74. These violations of § 380-f and § 380-j(e) were willful, rendering the CRA Defendants liable for actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 380-l and entitling Plaintiff to injunctive relief restraining Defendants from any further violations of Plaintiff's rights pursuant to the NY FCRA.

75. In the alternative, the CRA Defendants were negligent, entitling Plaintiff to recover actual damages and costs and reasonable attorney's fees pursuant to § 380-m as well as injunctive relief restraining Defendants from any further violations of Plaintiff's rights pursuant to the NY FCRA.

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendants:

1. awarding Plaintiff against each CRA Defendant and Furnisher Defendant actual damages, statutory damages, punitive damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o as well as, with regard to the CRA Defendants, NY GBL § 380-l and § 380-m;
2. ordering the CRA Defendants:
   a. to immediately delete all inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information, and

    b.    to send updated and corrected credit report information to all persons and entities to whom they have reported inaccurate information about Plaintiff within the last four years;

3. enjoining the CRA Defendants from violating Plaintiff's NY FCRA rights;

4. such other and further relief as may be necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

Dated: March 18, 2019

    Respectfully submitted,

    */s/Daniel A. Schlanger*
    Daniel A. Schlanger
    Evan S. Rothfarb
    SCHLANGER LAW GROUP LLP
    9 East 40th St., Suite 1300
    New York, NY 10004
    T: 212.500.6114
    F: 646.612.7996
    dschlanger@consumerprotection.net
    erothfarb@consumerprotection.net

    *Attorneys for Plaintiff*