UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

NEAL HART,

                      Plaintiff,                5:19-cv-00342 (BKS/ML)

v.

EQUIFAX INFORMATION SERVICES LLC;
EXPERIAN INFORMATION SOLUTIONS, INC.;
TRANS UNION LLC; SIMON'S AGENCY, INC.; and
SYNCHRONY BANK,

                      Defendants.
_____

**Appearances:**

*For Plaintiff:*
Evan S. Rothfarb
Schlanger Law Group, LLP
9 East 40th Street, Suite 1300
New York, NY 10016

*For Defendant Simon's Agency, Inc.:*
Steven D. Lickstein
Mathew G. Jubelt
Newman & Lickstein
109 South Warren Street, Suite 404
Syracuse, NY 13202

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I.    INTRODUCTION

Plaintiff Neal Hart brings this action against Defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian"), Trans Union, LLC ("Trans Union"), Simon's Agency, Inc. ("Simon's"), and Synchrony Bank, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), and the New York Fair Credit

Reporting Act ("NY FCRA"), N.Y. Gen. Bus. Law § 380, *et seq.* (Dkt. No. 6, ¶ 1). The Amended Complaint alleges that Simon's and Synchrony Bank (collectively, the "Furnisher Defendants") violated FCRA § 1681s-2(b) (First Cause of Action). It also alleges that credit reporting agencies Equifax, Experian, and Trans Union (collectively, the "CRA Defendants") violated FCRA §§ 1681e(b), 1681i (Second Cause of Action) and NY FCRA §§ 380-f, -j (Third Cause of Action). (Dkt. No. 6). Presently before the Court is Defendant Simon's ("Defendant") motion to dismiss the Amended Complaint, (Dkt. No. 25), which Plaintiff opposes. (Dkt. No. 37). For the reasons that follow, Defendant's motion to dismiss is denied.

## II. FACTS[1]

Experian is a credit reporting agency ("CRA") that "provides credit reports on individual consumers, including Plaintiff." (Dkt. No. 6, ¶¶ 20, 48). In June 2017, Plaintiff "discovered that his Experian credit report contained erroneous account and tradeline entries with respect to an account placed by Simon's, a collection firm, on behalf of Empower Federal Credit Union." (*Id.* ¶ 48). These entries related to a checking account Plaintiff maintained with Empower Federal Credit Union ("EFCU"), and the tradelines were "incorrect with regard to the account's original balance, date of default and date placed for collection and omitted the date the account became current." (*Id.* ¶¶ 49, 51).

Plaintiff received a letter from Defendant dated September 14, 2017, which stated: "'After a thorough review of the file notes' [Defendant] 'agreed to delete the trade line from [Plaintiff's] credit report.'" (*Id.* ¶ 50). In September 2017, "throughout the year 2018" and in

---

[1] The facts are taken from the Amended Complaint. (Dkt. No. 6). The Court will assume the truth of, and draw reasonable inferences from, those well-pleaded factual allegations. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

August 2018, "Plaintiff submitted written and oral disputes to Experian regarding the Simon's account and the erroneous account tradelines associated with the Simon's account." (*Id*. ¶¶ 52–-53). According to Plaintiff, "upon information and belief" the CRA Defendants communicated Plaintiff's disputes to the Furnisher Defendants. (*Id*. ¶ 6).[2] Throughout 2018, Plaintiff also "submitted written disputes concerning the erroneous tradelines directly to [Defendant] and [EFCU] requesting correction." (*Id*. ¶ 55).

In September 2018, Plaintiff received notice "that the tradelines associated with the Simon's account on his Experian report had been updated." (*Id*. ¶ 54). However, the only revision was the inclusion of a note indicating Plaintiff's dispute. (*Id*.). Until the end of 2018, "the Simon's account and the erroneous tradelines associated with the Simon's account remained on Plaintiff's Experian credit report." (*Id*. ¶ 56).

## III. STANDARD OF REVIEW

To survive a motion to dismiss, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Although a complaint need not contain detailed factual allegations, it may not rest on mere labels, conclusions, or a formulaic recitation of the elements of the cause of action, and the factual allegations 'must be enough to raise a right to relief above the speculative level.'" *Lawtone-Bowles v. City of New York*, No. 16-cv-4240, 2017 WL 4250513, at *2, 2017 U.S. Dist. LEXIS 155140, at *5 (S.D.N.Y. Sept. 22, 2017) (quoting *Twombly*, 550 U.S. at 555). The Court

---

[2] Plaintiff alleged generally that he "discovered derogatory information on his credit reports and disputed the same directly with the CRA Defendants who, in turn and upon information and belief, communicated the same to the Furnisher Defendants." (Dkt. No. 6, ¶ 6). Plaintiff defined "CRA Defendants" as Equifax, Experian, and Trans Union, (*id*. ¶ 5), and "Furnisher Defendants" as Simon's and Synchrony Bank. Whether this general statement can be construed as pleading that Experian notified Defendant of Plaintiff's disputes is discussed below.

3

must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). When deciding a motion to dismiss, the Court's review is ordinarily limited to "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007).

### IV. DISCUSSION

Defendant moves to dismiss Plaintiff's FCRA claim against it on the grounds that Plaintiff has failed to plead sufficient facts that Defendant: (1) is a "furnisher of information" under the FCRA, (2) received notice of the dispute from a credit reporting agency, and (3) acted in willful or negligent noncompliance with the FCRA. (Dkt. No. 25-2). Plaintiff contends that his Complaint "establishes an abundant factual predicate for this action" because it demonstrates that "[Defendant] is a furnisher of information to Experian, [Defendant] received notification of [Plaintiff's] disputes, and [Defendant] failed to promptly investigate and correct the erroneous data." (Dkt. No. 37, at 5).

The FCRA "regulates credit reporting procedures to ensure the confidentiality, accuracy, relevancy, and proper utilization of consumers' information." *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 150 (2d Cir. 2012) (citing 15 U.S.C. § 1681(b)). Its regulatory scheme imposes duties on both credit reporting agencies as well as entities that furnish credit information. *See Kinel v. Sherman Acquisition II LP*, No. 05-cv-3456, 2006 WL 5157678, at *13, 2006 U.S. Dist. LEXIS 97073, at *42 (S.D.N.Y. Feb. 28, 2006) *report and recommendation adopted*, 2007 WL

4

2049566 (S.D.N.Y. July 13, 2007).[3] Furnishers of information "transmit information relating to debts owed by consumers to credit reporting agencies," and "Sections 1681s-2(a) and 1681s-2(b) set out the duties the FCRA imposes on [them]." *Kinel*, 2006 WL 5157678, at *13, 2006 U.S. Dist. LEXIS 97073, at *43.

Section 1681s-2(a) ("Subsection (a)") "discusses a furnisher's duty to report accurate information and its ongoing duty to correct and update inaccurate information." *Markovskaya v. Am. Home Mortg. Servicing, Inc.*, 867 F. Supp. 2d 340, 343 (E.D.N.Y. 2012). This section "plainly restricts enforcement . . . to federal and state authorities," and "there is no private cause of action for violations" of this section. *Longman*, 702 F.3d at 151.

Section 1681s-2(b) ("Subsection (b)") "governs the furnishers' duty once notice is received from a credit reporting agency that there is a dispute as to the completeness or accuracy of the information provided to that reporting agency." *Redhead*, 2002 WL 31106934, at *4, 2002 U.S. Dist. LEXIS 17780, at *11. The furnisher is required to, inter alia, "conduct an investigation with respect to the disputed information," "report the results of the investigation to the consumer reporting agency," and if the disputed information "is found to be inaccurate or incomplete . . . modify that item of information," *See* 15 U.S.C. § 1681s-2(b)(1).

Unlike Subsection (a), there is a private cause of action under Subsection (b). *See* 15 U.S.C. § 1681s-2(b); *Markovskaya*, 867 F. Supp. 2d at 343. To state a claim, a plaintiff must allege that "(1) the furnisher received notice of a credit dispute from a credit reporting agency, and (2) the furnisher thereafter acted in 'willful or negligent noncompliance with'" its

---

[3] The FCRA uses the terminology "consumer reporting agency" rather than "credit reporting agency." *See* 15 U.S.C. § 1681a. However, courts use the phrases interchangeably. *See Kinel*, 2006 WL 5157678, at *13, 2006 U.S. Dist. LEXIS 97073, at *42; *Redhead v. Winston & Winston, P.C.*, No. 01-cv-11475, 2002 WL 31106934, at *4, 2002 U.S. Dist. LEXIS 17780, at *11 (S.D.N.Y. Sept. 20, 2002). The Court will refer to these agencies as credit reporting agencies.

obligations under Subsection (b). *Id*. (quoting *Redhead*, 2002 WL 31106934, at *5, 2002 U.S. Dist. LEXIS 17780, at *13). A plaintiff must show that the furnisher received notice of the dispute from a credit reporting agency. *Id*. at 344 ("Where a consumer shows only that the furnisher received notice of the dispute from the consumer . . . no claim is stated."). While the Second Circuit has not defined what the FCRA requires of furnishers when they investigate, "other circuits and districts have . . . assum[ed] a reasonableness standard for judging the adequacy of the required investigation." *Okocha v. HSBC Bank USA, N.A.*, 700 F. Supp. 2d 369, 374 (S.D.N.Y. 2010) (collecting cases).

Defendant contends that the Amended Complaint fails to allege that it is a "furnisher of information," received notice of the dispute, or failed to comply with the FCRA. (Dkt. No. 25-2, at 9–13). The Court addresses each argument in turn.

### A. Furnisher of Information

The FCRA regulations define a furnisher as "an entity that furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report." 12 C.F.R. § 1022.41(c). Defendant contends that the Complaint "baldly and simply concludes" Defendant is a furnisher of information within the meaning of the FCRA but "is devoid of any mention as to how, when, or in what manner [Defendant] ever furnished information to a consumer reporting agency." (Dkt. No. 25-2, at 10) (emphasis omitted).

The Court disagrees and finds that the Amended Complaint pleads facts sufficient to allege Defendant is a furnisher of information within the meaning of the FCRA. The Amended Complaint alleges that Defendant provided information to Experian (a credit reporting agency) that was included in Plaintiff's credit report. (Dkt. No. 6, ¶¶ 48–49). The "account and tradelines furnished by [Defendant] on Plaintiff's Experian credit report related to a checking account that Plaintiff maintained with [EFCU]." (*Id*. ¶ 49). Furthermore, the Complaint alleges that Defendant

wrote to Plaintiff and "agreed to remove the account and tradelines, stating 'After a thorough review of the file notes' [Defendant] 'agreed to delete the trade lines from [Plaintiff's] credit report,'" so it is plausible to infer that Defendant had control over the information it provided to Experian. (*Id.* ¶ 50).

Accepting these factual allegations as true and drawing all reasonable inferences in Plaintiff's favor, the Court concludes that the Amended Complaint sufficiently alleges that Defendant is "an entity that furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report." 12 C.F.R. § 1022.41(c); *see also Kinel*, 2006 WL 5157678, at *14, 2006 U.S. Dist. LEXIS 97073, at *43 (holding "at this early stage in the litigation, [Plaintiff's] allegations that each of the [Defendants] is a furnisher of credit information and that one or more of the [Defendants] actually reported credit information about the Debt to credit reporting agencies, is enough to survive [Defendants'] motion for judgment on the pleadings").

### B. Notice of Dispute

Defendant next contends that Plaintiff's claim should be dismissed because "Plaintiff's allegations against [Defendant] never assert that [Defendant] received notification of Plaintiff's underlying credit dispute from a consumer reporting agency," as required under Subsection (b). (Dkt. No. 25-2, at 10).

Though Plaintiff notified Defendant directly of the dispute, (Dkt. No. 6, ¶ 55), "the duty to investigate in Subsection (b) is triggered only after a furnisher of information receives notice *from a credit reporting agency* of a consumer's dispute." *Kane v. Guar. Residential Lending, Inc.*, No. 04-cv-4847, 2005 WL 1153623, at *4, 2005 U.S. Dist. LEXIS 17052, at *11 (E.D.N.Y. May 16, 2005) (citing 15 U.S.C. § 1681s-2(b)(1)). Courts in this Circuit have dismissed Subsection (b) claims by plaintiffs who directly reported a dispute to a furnisher but failed to

report the dispute to a credit reporting agency. *Sprague v. Salisbury Bank & Tr. Co.*, No. 18-cv-001487, 2019 WL 4246601, at *7, 2019 U.S. Dist. LEXIS 151739, at *17–18 (D. Conn. Sept. 5, 2019); *Kane*, 2005 WL 1153623, at *5, 2005 U.S. Dist. LEXIS 17052, at *13–14; *Elmore v. N. Fork Bancorp., Inc.*, 325 F. Supp. 2d 336, 340 (S.D.N.Y. 2004).

Plaintiff alleges that he "submitted written and oral disputes to Experian regarding [Defendant's] account and the erroneous account tradelines associated with [Defendant's] account." (Dkt. No. 6, ¶ 52). As discussed, Defendant is not the only "Furnisher" and Experian is not the only CRA that Plaintiff claims has violated the FCRA, and though the Amended Complaint does not contain a specific allegation that Experian notified Defendant of Plaintiff's dispute, it alleges that he "discovered inaccurate derogatory information on his credit reports and disputed the same directly with the CRA Defendants who, in turn and upon information and belief, communicated the same to the Furnisher Defendants." (*Id.* ¶ 6). According to Defendant, this is insufficient because it "pleads no set of facts to identify who of the two Furnisher Defendants, received what form of report, from whom of the three CRA Defendants and where or when such report was furnished." (Dkt. No. 25-2, at 11) (emphasis omitted). The Court disagrees.

To survive a motion to dismiss a Subsection (b) claim, a plaintiff need not provide documentary evidence or detailed information about the nature of the furnisher's notification by the credit reporting agency. *See Munroe v. Nationstar Mortg. LLC*, 207 F. Supp. 3d 232, 238–39 (E.D.N.Y. 2016). This is because "[w]ithout any discovery, it is uncertain precisely how the plaintiffs—who would not be parties to communications between a consumer reporting agency and [the furnisher]—could have more information about the nature or timing, for example, of that exchange." *Williams v. Bayview Loan Servicing, LLC*, No. 14-cv-7427, 2016 WL 8711209,

at *6, 2016 U.S. Dist. LEXIS 7760, at *18 (E.D.N.Y. Jan. 22, 2016). Given the information asymmetry and the fact that credit reporting agencies are legally obligated to inform furnishers of disputes, an allegation that the plaintiff reported a dispute to credit reporting agency and that (upon information and belief) the agency notified the furnisher of the dispute is sufficient to survive a motion to dismiss. *See Munroe*, 207 F. Supp 3d at 238–39; *Williams*, 2016 WL 8711209, at *6, 2016 U.S. Dist. LEXIS 7760, at *18–19.

Indeed, courts in other circuits have held that a plaintiff's notification to a credit reporting agency of a dispute is enough to survive a motion to dismiss, given that it is reasonable to infer the credit reporting agency complied with their duty under the FCRA to notify the furnisher. *See Himmelstein v. Comcast of the Dist., L.L.C.*, 931 F. Supp. 2d 48, 55 (D.D.C. 2013); *Sheffer v. Experian Info. Sols., Inc.*, 249 F. Supp. 2d 560, 563 n.3 (E.D. Pa. 2003); *Vazquez-Garcia v. Trans Union De Puerto Rico*, 222 F. Supp. 2d 150, 158–159 (D.P.R. 2002).

Further, viewing the Amended Complaint as a whole, the Court concludes the absence of a specific allegation that Experian notified Defendant does not render Plaintiff's claim against Defendant insufficient. Defendant argues that the allegation that upon receiving notification of Plaintiff's dispute, "the CRA Defendants" "in turn and upon information and belief, communicated the same to the Furnisher Defendants," (Dkt. No. 6, ¶ 6), "present[s] numerous permutations from which notice could have been exchanged between three different credit reporting agencies and two named furnisher defendants," (Dkt. No. 39, at 7). This argument is without merit. While "Rule 8 does not prohibit 'collective allegations' against multiple defendants, it does require that the allegations be sufficient to put each [d]efendant on notice of what they allegedly did or did not do." *Ritchie v. N. Leasing Sys., Inc.*, 14 F. Supp. 3d 229, 237 (S.D.N.Y. 2014) (citation omitted). Here, Experian is one of the three CRA Defendants and

Defendant is one of the two Furnisher Defendants. Experian and Defendant are not involved in any of the other alleged violations in the Complaint. From the factual allegations about the relationship between Experian and Defendant in the Amended Complaint, (Dkt. No. 6, ¶¶ 48–56), it is reasonable to infer that the allegation the CRA Defendants "communicated" Plaintiff's dispute to the "Furnisher Defendants," (*id.* ¶ 6), includes Experian and Defendant. In this case, the allegations in the Complaint, taken together, "satisfy the requirements of Rule 8(a) because it gives [Defendant] fair notice of the basis for [Plaintiff's] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

### C. Willful or Negligent Noncompliance

Defendant argues that the Amended Complaint "fails to plead sufficient facts to assess the reasonableness or adequacy of [Defendant's] investigation under the FCRA" because "Plaintiff is required to have, at a minimum, pled basic investigatory facts as to who, what where, when, and why to plausibly suggest that Simon's failed to adequately conduct its investigation." (Dkt. No. 25-2, at 11–12). The Court is unpersuaded.

Plaintiff alleges that Defendant furnished erroneous information to Experian. (Dkt. No. 6, ¶ 48). Plaintiff notified Experian, (*id.* ¶¶ 52–53), who in turn notified Defendant. (*Id.* ¶ 6). However, the inaccurate information remained on the credit report despite the dispute. (*Id.* ¶ 56). These facts are sufficient to allege that Defendant acted in willful or negligent noncompliance of the FCRA. *See Frederick v. Capital One Bank (USA), N.A.*, No. 14-cv-5460, 2015 WL 5521769, at *6, 2015 U.S. Dist. LEXIS 125111, at *17 (S.D.N.Y. Sept. 17, 2015) (finding that a plaintiff alleging that "inaccurate information remained on his credit report despite disputing those claims . . . states a plausible claim for relief").

Defendant argues that Plaintiff's failure to allege a timeframe for the investigation renders the Complaint insufficient. (Dkt. No. 25-2, at 12).[4] However, the FCRA imposes a 30-day deadline for a furnisher to complete its investigation. *See* 15 U.S.C. 1681s-2(b)(2). Plaintiff notified Experian of the dispute in September 2017, "throughout the year 2018," and in August 2018. (Dkt. No. 6, ¶¶ 52–53). Given Experian's legal duty to promptly notify Defendant of the dispute (within 5 business days), 15 U.S.C. § 1681i(a)(2)(A), Defendant's 30-day deadline would necessarily have elapsed before the filing of this suit. Given that the erroneous information was not removed from Plaintiff's report after the 30-day deadline expired, it is reasonable to infer that Defendant acted in willful or negligent noncompliance with the FCRA.

## V. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant's Motion to Dismiss (Dkt. No. 25) is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 30, 2019
Syracuse, New York

Brenda K. Sannes
U.S. District Judge

---

[4] Defendant also argues that Plaintiff's failure to allege that Experian notified Defendant of the dispute means "it would be illogical to assert that [Defendant] was unreasonable or in willful non-compliance in its investigation of a matter to which it may not have been notified. (Dkt. No. 25-2, at 12). However, as discussed *supra*, the Court finds that Plaintiff has sufficiently alleged that Defendant was notified.