UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

NEAL HART,

                              **Plaintiff,**

v.                                               5:19-CV-00342 (NAM/ML)

SIMON'S AGENCY, INC.,

                              **Defendant.**

---

**APPEARANCES:**

*Attorneys for Plaintiff*
Evan S. Rothfarb
Daniel A. Schlanger
Schlanger Law Group, LLP
80 Broad Street, Suite 1301
New York, NY 10004

*Attorneys for Defendant Simon's Agency, Inc.:*
Matthew G. Jubelt
Steven D. Lickstein
Newman & Lickstein
109 South Warren Street, Suite 404
Syracuse, NY 13202

**Hon. Norman A. Mordue, Senior United States District Court Judge:**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Plaintiff Neal Hart brings this action against Defendant Simon's Agency, Inc. alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA"), and related violations of New York state law. (Dkt. No. 6). Now before the Court are Defendant's motion for summary judgment and Plaintiff's cross-motion for leave to amend.[1] (Dkt. Nos. 103, 117).

---

[1] This case was reassigned to the Hon. Norman A. Mordue on February 18, 2021. (Dkt. No. 127).

1

II.     **BACKGROUND**

Plaintiff alleges that in or around June 2017, he "discovered that his Experian credit report contained erroneous account and tradeline entries" placed by Defendant, a collection firm, for a checking account that Plaintiff maintained with Empower Federal Credit Union ("EFCU"). (Dkt. No. 6, ¶¶ 48–49).[2] Plaintiff alleges that the tradelines were "incorrect with regard to the account's original balance, date of default and date placed for collection and omitted the date the account became current." (*Id.*, ¶¶ 49, 51).

Plaintiff claims that in or about September 2017 and throughout 2018, he "submitted written and oral disputes to Experian regarding the Simon's account and the erroneous account tradelines associated with the Simon's account." (*Id.*, ¶¶ 52–53). In addition, Plaintiff claims that throughout 2018, he submitted written disputes concerning the erroneous tradelines directly to Simon's and to EFCU "requesting correction of the erroneous tradelines associated with the Simon's account on his Experian credit report." (*Id.*, ¶ 55).

Nonetheless, Plaintiff alleges that "the Simon's account and the erroneous tradelines associated with the Simon's account remained on Plaintiff's Experian credit report until the end of 2018." (*Id.*, ¶ 56). Based on these allegations, Plaintiff claims that Defendant violated the FCRA by willfully or negligently "failing to conduct a reasonable investigation of Plaintiff's dispute," "failing to review all relevant information provided by consumer reporting agencies," and "failing to promptly modify, delete, or permanently block any information it could not verify as accurate, in violation of §1681s-2(b)(1)." (*Id.*, ¶ 62).

---

[2] Tradeline refers to a record of activity for any type of credit extended to a borrower and reported to a credit reporting agency. *See* https://www.investopedia.com/terms/t/trade-line.asp (last visited March 30, 2021).

On July 8, 2019, Defendant moved to dismiss for failure to state a claim. (Dkt. No. 25). On September 30, 2019, United States District Court Judge Brenda K. Sannes denied the motion, finding that Plaintiff sufficiently alleged that Defendant is a furnisher under the FCRA, Defendant received notice of the dispute, and that "Defendant acted in willful or negligent noncompliance with the FCRA." (Dkt. No. 54, pp. 6–11). On August 6, 2020, Plaintiff asked for Defendant's consent to file a Second Amended Complaint. (Dkt. No. 105-1). Instead, Defendant moved for summary judgment on August 18, 2020. (Dkt. No. 103). In support of summary judgment, Defendant submitted a statement of facts and evidence which the Court will discuss as relevant herein.

On August 20, 2020, Plaintiff requested a conference with Magistrate Judge Lovric and sought leave to amend the Complaint, which Defendant opposed. (Dkt. Nos. 105, 108). Magistrate Judge Lovric stayed the deadline for completion of all discovery and denied the parties' motions regarding leave to amend, without prejudice. (Dkt. Nos. 110, 113). On October 19, 2020, Plaintiff cross-moved for leave to amend the Complaint and filed an opposition to Defendant's motion for summary judgment. (Dkt. No. 117). On November 9, 2020, Defendant filed an opposition to Plaintiff's cross-motion and replied in further support of its own motion. (Dkt. No. 123). Plaintiff filed a reply on November 24, 2020. (Dkt. No. 125).

### III.   STANDARD OF REVIEW

#### A. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that courts should freely give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The Rule encourages courts to determine claims 'on the merits' rather than disposing of claims or defenses based on 'mere technicalities.'" *Exec. Trim Constr., Inc. v. Gross*, No. 20 Civ 544, 2021 WL 919865, at

3

\*3, 2021 U.S. Dist. LEXIS 44682, at \*7–8 (N.D.N.Y. March 10, 2021) (citing *Monahan v. NYC Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000)). In general, leave to amend should be freely granted unless there is a "substantial reason" for denial such as futility, excessive delay, or undue prejudice to the opposing party. *See Friedl v. City of New York*, 210 F.3d 79, 87 (2d Cir. 2000).

### B. Motion for Summary Judgment

Under Rule 56(a), summary judgment may be granted only if all the submissions taken together "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party bears the initial burden of demonstrating "the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. A fact is "material" if it "might affect the outcome of the suit under the governing law," and is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *see also Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (citing *Anderson*). The movant may meet this burden by showing that the nonmoving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323; *see also Selevan v. N.Y. Thruway Auth.*, 711 F.3d 253, 256 (2d Cir. 2013) (summary judgment appropriate where the nonmoving party fails to "come forth with evidence sufficient to permit a reasonable juror to return a verdict in his or her favor on an essential element of a claim") (internal quotations and citations omitted).

If the moving party meets this burden, the nonmoving party must "set forth specific facts showing a genuine issue for trial." *Anderson*, 477 U.S. at 248, 250; *see also Celotex*, 477

U.S. at 323–24. "When ruling on a summary judgment motion, the district court must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." *Dallas Aerospace, Inc. v. CIS Air Corp.*, 352 F.3d 775, 780 (2d Cir. 2003) (citation omitted). Still, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), and cannot rely on "mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986) (citing *Quarles v. Gen. Motors Corp.*, 758 F.2d 839, 840 (2d Cir. 1985)). Furthermore, "[m]ere conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (quoting *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995)).

## IV.    DISCUSSION

Defendant moves for summary judgment on Plaintiff's FCRA claims on the grounds that the undisputed material facts show that Defendant "reasonably investigated and deleted the disputed tradeline within 30 days" of receiving Plaintiff's disputes from Experian. (Dkt. No. 103, p. 12). In response, Plaintiff claims that Defendant failed to conduct a reasonable investigation of the tradeline and that material facts remain in dispute as to when and how Defendant updated and corrected the tradeline. (Dkt. No. 117-1, pp. 13–21).

Further, Plaintiff cross-moves for leave to amend on the grounds that discovery revealed additional violations of the FCRA and statutory violations of the Federal Debt Collection Practices Act ("FDCPA"). (*Id.*, pp. 21–22). Defendant argues that Plaintiff should be denied leave to amend. (Dkt. No. 123). The Court will address each claim in turn.

5

### A. FCRA Claims

In Plaintiff's proposed Second Amended Complaint, he adds details in support of his FCRA claims, including that: 1) Plaintiff directly disputed erroneous tradelines with Equifax and Experian on several occasions; 2) Defendant failed to note the collection account was disputed by Plaintiff on his Experian and Equifax credit reports prior to 2018; and 3) Defendant did not update the collection account tradeline with Experian and failed to include any note that the collection account was disputed by Plaintiff. (*See* Dkt. No. 117-10, ¶¶ 54–69).

As the Court previously explained, "[t]he FCRA 'regulates credit reporting procedures to ensure the confidentiality, accuracy, relevancy, and proper utilization of consumers' information.'" (Dkt. No. 54, p. 4) (quoting *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 150 (2d Cir. 2012)) (citing 15 U.S.C. § 1681(b)). An entity that furnishes credit information about consumers to credit reporting agencies – a "furnisher" – has duties pursuant to Sections 1681s-2(a) and 1681s-2(b) of the FCRA. (*Id.*, pp. 4–5). There is a private cause of action under Section 1681s-2(b), which imposes duties on furnishers who receive notice of "a dispute as to the completeness or accuracy of any information provided" to a credit reporting agency. (*Id.*, p. 5) (quoting *Redhead v. Winston & Winston, P.C.*, No. 01-cv-11475, 2002 WL 31106934, at *4, 2002 U.S. Dist. LEXIS 17780, at *11 (S.D.N.Y. Sept. 20, 2002)). The furnisher must "conduct an investigation with respect to the disputed information," "report the results of the investigation to the consumer reporting agency," and if the disputed information "is found to be inaccurate or incomplete . . . modify that item of information."[3] (*Id.*) (quoting 15 U.S.C. § 1681s-2(b)). The FCRA imposes a 30-day deadline for a furnisher to complete its investigation. *See* 15 U.S.C. 1681s-2(b)(2).

---

[3] Although the FCRA uses the terminology "consumer reporting agency," this Court will continue to refer to these agencies as credit reporting agencies ("CRAs"). (*See* Dkt. No. 54, p. 5, n. 3).

6

To establish a claim pursuant to Section 1681s-2(b), the plaintiff must show "(1) the furnisher received notice of a credit dispute from a credit reporting agency, and (2) the furnisher thereafter acted in 'willful or negligent noncompliance with the statute.'" (*Id.*, pp. 5–6). The Court previously found that Defendant is a furnisher under the FCRA. (Dkt. No. 54, p. 6). The Court has also explained that, although "the Second Circuit has not defined what the FCRA requires of furnishers when they investigate, 'other circuits and districts have . . . assum[ed] a reasonableness standard for judging the adequacy of the required investigation.'" (*Id.*, p. 6) (citing *Okocha v. HSBC Bank USA, N.A.*, 700 F. Supp. 2d 369, 374 (S.D.N.Y. 2010)).

In seeking summary judgment and opposing Plaintiff's motion for leave to amend, Defendant argues that: 1) Plaintiff's FCRA claims are time-barred or failed to accrue; 2) Plaintiff cannot allege FCRA claims based on disputes that he did not first report to a CRA; 3) Plaintiff's proposed amendments are futile; and 4) the proposed amendments are unduly delayed and prejudicial. (Dkt. No. 123, pp. 5–6).

**1. Timeliness & Accrual**

First, Defendant argues that Plaintiff's FCRA claims are time-barred because the related facts were known to Plaintiff since 2014, however he did not commence this action until 2019. (Dkt. No. 123, p. 12). Plaintiff does not appear to directly respond to this argument. In general, a claim under the FCRA must be brought not later than the earlier of: 1) two years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or 2) five years after the date on which the violation that is the basis for such liability occurs. 15 U.S.C. § 1681p. Here, Plaintiff's FCRA claims relate to disputes from 2017 and 2018, which would make them timely. (Dkt. No. 6, ¶¶ 48–55). To the extent Defendant argues that Plaintiff had notice earlier, the record remains unclear as Plaintiff has not been deposed in this case.

Second, Defendant argues that Plaintiff's FCRA claims failed to accrue because the undisputed facts show that it deleted the disputed tradeline within 30 days of receiving notice of the dispute, as required by the statute. (Dkt. No. 103-1, p. 11). Defendant points to evidence that Plaintiff filed two disputes through Experian on August 18th and September 2nd, 2018, and that Defendant issued instructions to delete the tradeline on September 14, 2018, thereby resolving the dispute within 30 days. (*See* Dkt. No. 103-7, ¶¶ 10–11). Defendant has also submitted a declaration from an Experian employee claiming that the disputed tradeline was "soft deleted" from Plaintiff's credit file. (Dkt. No. 123-5) (Filed Under Seal). In response, Plaintiff argues that he submitted three disputes – a dispute through Equifax in January 2018 in addition to the August and September disputes – and that Defendant failed to accurately note that the information was disputed and correct inaccuracies, and then failed to fully delete the tradeline from his credit report. (Dkt. Nos. 117-1, pp. 14–16; 117-5, ¶ 5; 117-6) (Dkt. No. 117-6 Filed Under Seal). Plaintiff also points to an Experian report dated May 10, 2019 which indicates that the disputed tradeline was not fully deleted from Experian's records. (Dkt. No. 117-7, p. 3) (Filed Under Seal). At this stage of discovery, Plaintiff has at least raised an issue of fact as to whether Defendant reasonably investigated and fully corrected the disputed tradeline within 30 days.

### 2. Disputes Not Reported to a CRA

Next, Defendant argues Plaintiff cannot allege new FCRA claims based on disputes that he failed to report directly to a CRA. (Dkt. No. 123, p. 5). Defendant is correct on this point. The FCRA requires claimants to show that the furnisher received notice of the dispute directly from a CRA. *See* 15 U.S.C. § 1681s-2(b). Therefore, Plaintiff is denied leave to amend with

8

respect to any disputes that were not reported directly to a CRA. Because Plaintiff did report the tradeline disputes in January, August, and September 2018, those related claims may proceed.

### 3. Futility

Next, Defendant argues that Plaintiff's proposed amendments are futile "because Plaintiff fails to adequately prove damages under the FCRA." (Dkt. No. 123, p. 24). In response, Plaintiff asserts that he suffered damages in numerous ways, including "out-of-pocket losses, credit declinations, credit defamation, and emotional distress." (Dkt. No. 125, p. 11) (citing Dkt. No. 125-1, ¶¶ 3–26). Plaintiff claims that he is also entitled to statutory and punitive damages for Defendant's alleged willful violations. (*Id.*). The Court finds that, at this stage of ongoing discovery, Plaintiff has at least raised an issue of fact that he suffered damages caused by Defendant's alleged conduct.

Defendant also suggests that Plaintiff's proposed amendments are futile because the undisputed facts show that it reasonably investigated and resolved the tradeline disputes. (Dkt. Nos. 103-1, pp. 8, 14; 103-3, ¶ 6). Defendant points to documentation between it and Experian on September 14, 2018 regarding the deletion request, a letter that it claims it sent to the Plaintiff on that same date confirming the deletion direction, and an Experian Credit Report dated September 24, 2018 that states the disputed tradeline was removed. (Dkt. Nos. 103-4; 103-12; 103-15, p. 3) (Filed Under Seal). Plaintiff disputes this sequence of events and asserts that Experian still maintained information about the disputed tradeline as late as May 10, 2019. (Dkt. No. 117-7, p. 3) (Filed Under Seal).

As discussed above, the reasonableness of Defendant's actions is open to debate at this juncture. Because Plaintiff has presented enough evidence to support a potentially viable claim for violation of the FCRA, summary judgment is not warranted on this ground and leave to

amend is in the interest of justice. *See Macri v. Newburgh Enlarged City Sch. Dist.*, No. 01 Civ 1670, 2004 WL 1277990, at *18, 2004 US Dist. LEXIS 10515, at *25 (S.D.N.Y. June 8, 2004) (denying summary judgment and granting leave to amend where the plaintiff "presented enough evidence to support potentially viable" claims).

### 4. Undue Delay and Prejudice

In addition, Defendant argues that leave to amend should be denied because the parties have already conducted extensive discovery, Plaintiff has been in possession of the operative facts since 2014, and third-party discovery will be more difficult now that the other defendants have been dismissed. (Dkt. No. 123, pp. 22–23). Defendant's arguments are unpersuasive. Discovery is unfinished in this case, including the deposition of Plaintiff. Moreover, it is unclear how Plaintiff could have been in possession of all the operative facts in 2014, since many of the alleged events occurred much later, as discussed above.

Furthermore, Plaintiff requested consent from Defendant to file a Second Amended Complaint on August 6, 2020 – before Defendant filed its motion for summary judgment. (Dkt. No. 105-1). The Court finds that Plaintiff's delay in seeking leave to amend was not undue. Finally, Defendant has not demonstrated significant prejudice due to potential third-party discovery, particularly where Defendant was able to obtain an affidavit from an Experian employee in support of summary judgment. *See State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (finding that amendment would not cause undue prejudice because the "amended claim was obviously one of the objects of discovery and related closely to the original claim" and no trial date had been set).

### 5. Summary

Reviewing the above, the Court reaches two conclusions: 1) Defendant is not entitled to summary judgment on Plaintiff's FCRA claims based on the record developed to this point; and 2) there are no "substantial reasons" to deny Plaintiff leave to amend the Complaint with regards to his FCRA claims based on the 2017–2018 tradeline disputes.

### B.  FDCPA Claim

Next, Plaintiff proposes to add in the Second Amended Complaint a new claim against Defendant for violations of the FDCPA.  (Dkt. No. 117-10, pp. 16–17).  Plaintiff alleges that Defendant is a "debt collector" under the FCDPA and "submitted false and erroneous information to Experian concerning a collection account appearing on Plaintiff's credit report." (*Id.*, ¶¶ 29, 92).  Plaintiff claims that the information Defendant submitted to Experian was incorrect as to "the account's original balance, date of default and date placed for collection, . . . the date the account became current," and accurate information about Plaintiff's dispute of tradelines.  (*Id.*, ¶¶ 93–94).  Plaintiff alleges that as a result he was denied credit and suffered other damages.  (*Id.*, ¶¶ 96–97).

In general, the purpose of the FDCPA is to eliminate "abusive practices in the debt collection industry, and . . . to ensure that 'those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.'"  *Jacobson v. Healthcare Fin. Services, Inc.*, 516 F.3d 85, 89 (2d Cir. 2008) (citing 15 U.S.C. § 1692(e)).  "The FDCPA imposes certain requirements and restrictions upon 'debt collectors' with regard to their attempts to recover funds."  *Milton v. Rosicki, Rosicki & Assoc., P.C.*, No. 02 Civ. 3052, 2007 WL 2262893, at *6, 2007 US Dist. LEXIS 56872, at *18 (E.D.N.Y. Aug. 3, 2007) (citing 15 U.S.C. § 1692).  Under the FDCPA, a debt collector "means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection

11

of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Furthermore, "the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." *Id.*

"To recover damages under the FDCPA, a consumer does not need to show intentional conduct on the part of the debt collector. The Act 'is a strict liability statute, and the degree of a defendant's culpability may only be considered in computing damages.'" *Ellis v. Solomon and Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010) (citations omitted). To prove a violation of the FDCPA, a plaintiff: "(1) must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, (2) the defendant collecting the debt is considered a 'debt collector,' and (3) the defendant engaged in any act or omission in violation of FDCPA requirements." *Cohen v. Ditech Fin., LLC*, 342 F. Supp. 3d 460, 465 (S.D.N.Y. 2018) (citations omitted).

Defendant opposes leave to add this claim, arguing that "since May of 2014 through September 14, 2018, Simon's was neither attempting to collect a debt or information from Plaintiff as required for a prima facie case under the FDCPA." (Dkt. No. 123, pp. 21–24). Defendant thus contends that the proposed claim is futile, as well as unduly delayed and prejudicial. (*Id.*). The Court is not convinced that Defendant's alleged conduct falls outside the FDCPA. Based on the allegations and the record so far, Defendant could be seen as reporting inaccurate information to credit reporting agencies in connection with the collection of a debt, which would subject it to review under the FDCPA. *See Fritz v. Resurgent Capital Servs., LP*, 955 F. Supp 2d 163, 172 (E.D.N.Y. 2013) (the FDCPA prohibits "false representation of the

character, amount or legal status of any debt" and "the reporting of credit information which is known or which should be known to be false.") (internal quotations and citations omitted); *In re Russell*, 378 B.R. 735, 743 (Bankr. E.D.N.Y. 2007) ("false or outdated reporting to credit reporting agencies, even without additional collection activity, can constitute an act to extract payment of a debt . . . ."). Therefore, Plaintiff's FDCPA claim does not appear to be futile.

Finally, Defendant's arguments about delay and prejudice are unpersuasive for the reasons explained above. In sum, Plaintiff shall be permitted leave to amend the Complaint to add his proposed FDCPA claim.

## V.    CONCLUSION

For these reasons, it is

**ORDERED** that Defendant's motion for summary judgment (Dkt. No. 103) is **DENIED without prejudice to renew upon the completion of discovery**; and it is further

**ORDERED** that Plaintiff's cross-motion for leave to amend (Dkt. No. 117) is **GRANTED**; and it is further

**ORDERED** that the Plaintiff is permitted to file a Second Amended Complaint in accordance with the above discussion within fourteen (14) days of this Order; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties in accordance with the Local Rules of the Northern District of New York.

**IT IS SO ORDERED.**

Date:   March 30, 2021
        Syracuse, New York

*/s/ Norman A. Mordue*
Norman A. Mordue
Senior U.S. District Judge